| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 12-7540-JFW (MRWx)** | Date:  October 12, 2012 |
| Title:   David Kissi -v- Bank of America, et al. | |

**PRESENT:**

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

    On September 4, 2012, Plaintiffs David Kissi and Edith Truvillion ("Plaintiffs") filed a Complaint in this Court, alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1391 and pursuant to a Consent Judgment and Order in action involving the Federal Trade Commission and Defendants.  These allegations fail to demonstrate a proper basis for the subject matter jurisdiction of this Court.  Moreover, Plaintiffs only assert claims arising under state law, and fail to allege the citizenship of any of the parties, as would be necessary for diversity jurisdiction.

    Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

    Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.


    IT IS SO ORDERED.